MEMORANDUM *
Passport International Entertainment, LLC (PIE) appeals the district court’s order adding it as a judgment debtor. We affirm.
The district court did not abuse its discretion in amending the judgment. See Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp., 159 F.3d 412, 421 (9th Cir.1998). Substantial evidence supports the district court’s finding that PIE is a successor corporation to Passport International Productions (PIP) and Passport International Productions of California (PIP-CA), and that the asset transfers were fraudulent and undertaken for the purpose of escaping liability. See Cal. Civ.Code *812 §§ 3489.04, .07; McClellan v. Northridge Park Townhome Owners Ass’n., 89 Cal.App.4th 746, 107 Cal.Rptr.2d 702, 707-08 (Cal.Ct.App.2001). PIE has the same shareholder, same directors, same assets, and same business as PIP and PIP-CA did. The timing of the assets transfer also supports the district court’s conclusion that PIE is “merely a continuation” of PIP and PIP-CA. See McClellan, 107 Cal.Rptr.2d at 707. At most, Florence Pugliese’s[1] supposed foreclosure of her security interests was one part of a series of fraudulent transfers undertaken to avoid liability to creditors. See id.', cf. Katzir’s Floor & Home Design, Inc. v. M-MLS. com, 394 F.3d 1143, 1150-51 (9th Cir.2004).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Assuming without deciding that PIE may challenge whether joinder of Florence Pug-liese is necessary, it failed to do so in its opening brief. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996). The district court effectively resolved the issue by denying her motion to intervene, and even were we to consider a joinder claim now, cf. UOP v. United States, 99 F.3d 344, 347 (9th Cir.1996), we see no basis for holding differently. See Fed.R.Civ.P. 19, 24(a)(2).